UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Armando Rivera, and
Aneudy Velez,

*Defendants.*

**Protective Order**

**21 Cr. 607 (AKH)**

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

**Confidential Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal case. Certain of that discovery may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's presently ongoing investigation of uncharged individuals; and (iii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "Confidential" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Confidential," shall be deemed "Confidential Material."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Confidential Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used

by the defense solely for purposes of defending this action. The defense shall not post any Confidential Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material to the media or any third party except as set forth below.

2. Confidential Material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action; and

(c) The defendant.

3. The Government may authorize, in writing, disclosure of Confidential Material beyond that otherwise permitted by this Order without further Order of this Court.

4. This Order does not prevent the disclosure of any Confidential Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

5. Except for Confidential Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Confidential Material, including the seized ESI Confidential Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. To the extent this paragraph conflicts with the New York Code of Professional

2

Responsibility and/or attorneys' obligations to clients regarding file retention, however, the ethical rules govern.

6. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Confidential Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Confidential Material has been disclosed to which such persons.

7. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

## Retention of Jurisdiction

8. The provisions of this order shall not terminate at the conclusion of this criminal

prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: */s/ Kevin Mead*                                     Date: October 6, 2021
   Kevin Mead
   Assistant United States Attorney

   /s/ Joseph M. Caldarera                       Date: October 6, 2021
Joseph Matthew Caldarera
Counsel for Armando Rivera

   _____                       Date: _____
Michael W. Martin
Counsel for Aneudy Velez

SO ORDERED:

Dated: New York, New York
       October ___, 2021

                                        THE HONORABLE ALVIN K. HELLERSTEIN
                                        UNITED STATES DISTRICT JUDGE

prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: /s/ *Kevin Mead*　　　　　　　　　　　Date: October 6, 2021
　　Kevin Mead
　　Assistant United States Attorney

　　/s/ Joseph M. Caldarera　　　　　　　Date: _____
　　Joseph Matthew Caldarera
　　Counsel for Armando Rivera

　　Michael W. Martin　　　　　　　　　　Date: 10/12/2021
　　Counsel for Aneudy Velez

SO ORDERED:

Dated: New York, New York
　　　　November 1, 2021

_____
THE HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

4